**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Crystal Ann CATT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 11, 2010.
Filed May 10, 2010.

Anthony J. Tambourino, Public Defender, York, for appellant.

James E. Zamkotowicz, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS, GANTMAN, PANELLA, DONOHUE, SHOGAN, ALLEN, LAZARUS, and MUNDY, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Crystal Ann Catt, appeals from the judgment of sentence entered in the York County Court of Common Pleas following a guilty plea to one count of driving under the influence ("DUI"), arising from an offense committed on December 21, 2007, and a stipulated trial conviction on one count of DUI and one count of possession of drug paraphernalia, arising from offenses committed on April 12, 2008.[1] Appellant asks us to decide whether the court erred when it sentenced her as a second-time offender for the April 2008 DUI. Pursuant to *Commonwealth v. Haag,* 603 Pa. 46, 981 A.2d 902 (2009), we hold the court erred when it sentenced Appellant as a recidivist for her April 2008 DUI; the court should have considered the DUI of December 21, 2007 and the DUI of April 12, 2008 as first offenses in accordance with 75 Pa.C.S.A. § 3806(b) and sentenced Appellant as a first-time offender on both convictions. Accordingly, we affirm Appellant's convictions but vacate the

---

1. 75 Pa.C.S.A. § 3802(c); 75 Pa.C.S.A. § 3802(d)(1)(iii); 35 P.S. § 780–113(a)(32), respectively.

judgment of sentence and remand for re-sentencing.

¶ 2 The relevant facts and procedural history of this case are as follows. On December 21, 2007, Appellant was arrested and charged with DUI. Appellant's blood alcohol content ("BAC") was 0.168%. On March 13, 2008, Appellant applied for admission into the Accelerated Rehabilitative Disposition Program ("ARD").

¶ 3 On April 12, 2008, Appellant was again arrested and charged *inter alia* with DUI. A subsequent blood test revealed a BAC of 0.08% and cocaine derivatives and marijuana in Appellant's system. When Appellant committed the April 2008 DUI, she had not yet been accepted into ARD, so her December 2007 DUI remained outstanding and unresolved.

¶ 4 On December 30, 2008, Appellant pled guilty to the December 2007 DUI. The same day, the trial court convicted Appellant of the April 2008 DUI following a stipulated bench trial. The court then sentenced Appellant on the December 2007 DUI as a first-time offender to seventy-two (72) hours to six (6) months of imprisonment, plus fines and costs. Bound by recent decisions of this Court, the sentencing court found Appellant's December 2007 DUI constituted a prior offense for sentencing purposes, treated Appellant's April 2008 DUI as a second offense for sentencing purposes, and sentenced her on the April 2008 DUI to five (5) years intermediate punishment on the DUI and a concurrent term of twelve (12) months probation for the possession of drug paraphernalia charge. The court also imposed all the sentences to run concurrently and deferred Appellant's sentence for the April 2008 DUI pending appeal. On January 28, 2009, Appellant timely filed a notice of appeal and a preemptive concise statement of matters complained of on appeal pursuant to Rule 1925(b). Likewise bound by several prior opinions of this Court, a three-judge panel affirmed by judgment filed on October 29, 2009. On November 5, 2009, Appellant filed an application for panel reconsideration or alternatively re-argument *en banc*, which this Court granted on December 23, 2009.

¶ 5 Appellant raises the following issue for our review:

WHETHER THE [TRIAL] COURT ERRED IN NOT TREATING APPELLANT'S CHARGES OF DRIVING UNDER THE INFLUENCE AS A FIRST OFFENSE FOR GRADING AND SENTENCING PURPOSES, GIVEN THAT SHE DID NOT HAVE ANY PRIOR CONVICTIONS FOR DRIVING UNDER THE INFLUENCE AT THE TIME THE INSTANT OFFENSES OCCURRED?

(Appellant's Brief at 4).

¶ 6 A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. *Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa.Super.2007) (*en banc*); *Commonwealth v. Randal*, 837 A.2d 1211 (Pa.Super.2003) (*en banc*). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Watson*, 945 A.2d 174, 178–79 (Pa.Super.2008) (quoting *Commonwealth v. Leverette*, 911 A.2d 998, 1001–02 (Pa.Super.2006)). When the legality of a sentence is at issue on appeal, our "standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa.Super.2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008).

¶ 7 Appellant argues she did not have a prior DUI conviction when she

committed the April 2008 DUI. Relying on the Pennsylvania Supreme Court's recent decision in *Haag, supra,* Appellant contends her April 2008 DUI did not qualify as a second offense for sentencing purposes where the Commonwealth had not accepted her into ARD or otherwise disposed of the December 2007 DUI. Absent a prior conviction, Appellant asserts the court should have sentenced her on the April 2008 DUI as a first-time offender. Appellant concludes this Court must vacate the judgment of sentence and remand the case for resentencing. We agree.

¶ 8 Section 3806 governs when a DUI offense constitutes a prior offense:

### § 3806. Prior offenses

**(a) General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

**(b) Repeat offenses within ten years.**—The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:

(1) an offense under section 3802;

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S.A. § 3806. Section 3806(a) and Section 3806(b) both define "prior offense;" however, Section 3806(a) is a general rule that applies to the entire chapter, whereas Section 3806(b) applies only to the three specific Vehicle Code sections it lists, including those sections governing the grading of offenses and sentencing. *Haag, supra* at 52, 981 A.2d at 906. Thus the *Haag* Court held:

> In enacting the current DUI statute, the legislature provided, through the deliberate use of a common exception phrase, that subsection (a) is not the end of the inquiry as to how previous violations are to be defined and utilized in making grading and sentencing determinations. By opening subsection (a) with the phrase '[e]xcept as otherwise set forth in subsection (b),' the legislature expressly directed that subsection (b) overrides the application of subsection (a) in circumstances such as those present here.

Thus, for purposes of applying the recidivist sentencing provisions of the DUI statute, when presented with two or more Section 3802 DUI violations, a sentencing court must first ascertain whether conviction on the first violation **occurred before** the offender **committed** the subsequent offense. If no conviction on that previous violation had occurred by the time the offender committed the subsequent violation, pursuant to Section 3806(b), the offender cannot be sen-

tenced as a recidivist on the subsequent violation.

*Id.* at 54, 981 A.2d at 907 (emphasis in original) (disapproving this Court's decisions in *Commonwealth v. Misner,* 946 A.2d 119 (Pa.Super.2008); *Commonwealth v. Nieves,* 935 A.2d 887 (Pa.Super.2007), appeal denied, 597 Pa. 714, 951 A.2d 1162 (2008); *Commonwealth v. Stafford,* 932 A.2d 214 (Pa.Super.2007)). Therefore, when a court sentences a defendant under Section 3804 or grades a defendant's offenses under Section 3803, the court **must** apply Section 3806(b) to determine whether the defendant has a prior conviction. *Id.* If a defendant does not have an earlier DUI disposition when she commits a later DUI offense, the court must treat both DUI offenses at sentencing as first-time offenses. *Id.* An earlier disposition under Section 3806 includes an adjudication of delinquency, juvenile consent decree, acceptance of ARD or other form of preliminary disposition, judicial sanction or treatment within the ten years before the present violation occurred. 75 Pa. C.S.A. § 3806; *Haag, supra* at 52 n. 7, 981 A.2d at 905 n. 7.

¶ 9 Instantly, Appellant committed her first DUI offense on December 21, 2007, and applied for ARD in March 2008. On April 12, 2008, while her ARD application was pending, Appellant committed another DUI offense. The Commonwealth concedes it had not accepted Appellant into ARD or otherwise resolved her December 2007 DUI when she committed her April 2008 DUI. Consequently, Appellant's December 2007 DUI could not constitute a prior offense under Section 3806(b) for sentencing purposes. *See* 75 Pa.C.S.A. § 3806(b). Therefore, the court should not have sentenced Appellant on the April 2008 DUI as a recidivist offender. *See Haag, supra;* 75 Pa.C.S.A. § 3806(b). Instead, the court should have considered the December 2007 and the April 2008

DUI offenses as first offenses in accordance with 75 Pa.C.S.A. § 3806(b) and sentenced Appellant as a first-time offender on both convictions. *See id.*

¶ 10 Based upon the foregoing, we hold the court erred when it sentenced Appellant as a recidivist for her April 2008 DUI; the court should have considered the DUI of December 21, 2007 and the DUI of April 12, 2008 as first offenses in accordance with 75 Pa.C.S.A. § 3806(b) and sentenced Appellant as a first-time offender on both convictions. Accordingly, we affirm Appellant's convictions but vacate the judgment of sentence and remand for re-sentencing. *See Commonwealth v. Williams,* 871 A.2d 254, 267 (Pa.Super.2005) (reiterating principle that remand for re-sentencing is appropriate, if appellate court disturbs court's overall sentencing design).

¶ 11 Judgment of sentence vacated; case remanded for re-sentencing. Jurisdiction is relinquished.