J-A03015-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAURICE WOODARD | : | |
| | : | |
| Appellant | : | No. 1150 WDA 2018 |

Appeal from the PCRA Order Entered June 25, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001825-2004

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                                    FILED MARCH 19, 2019

Maurice Woodward appeals pro se from the order that dismissed his sixth PCRA petition as untimely. Appellant contends that he was incorrectly denied eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program, 61 Pa.C.S. §§ 4501 et seq, resulting in an illegal sentence under Commonwealth v. Cullen-Doyle, 164 A.3d 1239 (Pa. 2017). We affirm.

In February of 2004, Appellant and his co-defendant were arrested in connection with an armed robbery and burglary at the home of an acquaintance. At the time of the burglary, three people were present in the home – James Allen, Kelly Phillips, and Ruth Ranson. Mr. Allen and Ms. Phillips identified Appellant as one of the perpetrators of the burglary and testified against him at trial. Appellant's defense was misidentification. At the close of trial, the jury found him guilty of multiple counts of burglary, robbery, simple assault, terroristic threats, and criminal conspiracy.

_____

*   Retired Senior Judge assigned to the Superior Court.

On December 2, 2004, the trial court sentenced Appellant to an aggregate term of 18-36 years of imprisonment. The trial court denied Appellant's post-sentence motion on December 15, 2004, and Appellant did not file a direct appeal. Therefore, his judgment of sentence became final on January 14, 2005; thirty days after sentence was imposed when he did not file an appeal.

Appellant filed a timely PCRA petition, which the PCRA court denied after a hearing. This Court affirmed, and on March 21, 2007, our Supreme Court denied allowance of appeal. Commonwealth v. Woodard, 909 A.2d 890 (Pa.Super. 2006), appeal denied, 919 A.2d 957 (Pa. 2007). Appellant filed four more pro se PCRA petitions over the course of the next ten years. All four were dismissed as untimely in the PCRA court and affirmed on appeal. Commonwealth v. Woodard, 951 A.2d 1220 (Pa.Super. 2008); Commonwealth v. Woodard, 43 A.3d 513 (Pa.Super. 2012); Commonwealth v. Woodard, 64 A.3d 288 (Pa.Super. 2013), appeal denied, 72 A.3d 603 (Pa. 2013); Commonwealth v. Woodard, 154 A.3d 845 (Pa.Super. 2016).

On May 24, 2018, Appellant, acting pro se, filed his sixth PCRA petition, styled as a "petition for modification of relief." In his petition, Appellant alleged that he was entitled to RRRI eligibility under Cullen-Doyle. PCRA Petition, 5/24/18, at 1. On June 1, 2018, the PCRA court construed Appellant's filing as a PCRA petition and issued a notice of intent to dismiss ("NID") pursuant to Pa.R.Crim.P. 907, finding the petition to be untimely. In its NID,

the court explained that Cullen-Doyle does not implicate a constitutional right and is factually and legally distinguishable from Appellant's case. NID 6/1/18, at 3. Appellant filed a response to the NID arguing that the PCRA court improperly construed his petition for modification of relief as a successive PCRA. He claimed that his petition should have been converted to a writ of habeas corpus. Response to NID, 6/20/18, at 2. On June 25, 2018, the PCRA court denied the PCRA petition.

Appellant filed a notice of appeal on July 16, 2018. On August 14, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.Crim.P. 1925(b). On August 27, 2018, Appellant filed his concise statement, which was returned due to Appellant's failure to sign it, and refiled on September 10, 2018. On September 12, 2018, the PCRA court issued its Pa.R.Crim.P. 1925(a) opinion, wherein it incorporated and relied on its NID.

On appeal, Appellant raises the following issue for our review: "Did the lower court err by converting defendant['s] petition for modification of relief to a successive P.C.R.A. instead of a writ of habeas corpus." Appellant's brief at 3. More specifically, Appellant alleges that his claim is not cognizable under the PCRA statute because he is requesting a "modification to be placed in a program as opposed to challenging his sentence." Id. at 6. Therefore, the writ of habeas corpus applies and to deny conversion is a denial of Appellant's due process and equal protection rights under the Pennsylvania constitution. Id.

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief.  See 42 Pa.C.S. § 9542; Commonwealth v. Haun, 32 A.3d 697, 699 (Pa. 2011).  Therefore, unless the PCRA cannot provide a potential remedy, the PCRA statute subsumes the writ of habeas corpus.  Commonwealth v. Taylor, 65 A.3d 462 (Pa.Super. 2013).  This means that a petitioner cannot escape the PCRA time-bar by titling his filing as a petition for modification or a petition for writ of habeas corpus. Commonwealth v. Deaner, 779 A.2d 578, 580 (Pa.Super.2001) (noting a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition).

Appellant concedes that the PCRA covers all cognizable collateral illegal sentencing claims.  Appellant's brief at 6; 42 Pa.C.S. § 9543.  However, he alleges that the PCRA Court still has jurisdiction to grant his requested relief pursuant to its habeas corpus powers, because a claim of RRRI eligibility is not a sentencing issue.  Appellant is incorrect.  A determination of RRRI eligibility results in a recalculation of the minimum and maximum sentences that are imposed on a defendant at sentencing.

More specifically, the RRRI Act requires the trial court to determine at the time of sentencing whether the defendant is an "eligible offender."  61 Pa.C.S. § 4505(a).  If the court finds the defendant to be an eligible offender, or if the prosecuting attorney waives the eligibility requirements under 61 Pa.C.S. § 4505(b), the trial court must calculate minimum and maximum sentences, and then impose the RRRI minimum sentence, which "shall be

equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less," or "shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years." 61 Pa.C.S. § 4505(c). If an eligible offender "successfully completes the program plan, maintains a good conduct record and continues to remain an eligible offender," he or she may "be paroled on the RRRI minimum sentence date unless the Board determines that parole would present an unreasonable risk to public safety or that other specified conditions have not been satisfied." 37 Pa.Code § 96.1(b).

Therefore, a challenge to RRRI eligibility necessarily involves an attack on the legality of sentence. See Commonwealth v. Catt, 994 A.2d 1158, 1160 (Pa.Super. 2010) (holding a claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence). As such, the PCRA court properly considered Appellant's motion for modification as a PCRA petition, where Appellant wished to challenge the legality of his sentence. Commonwealth v. Fowler, 930 A.2d 586, 591 (Pa.Super. 2007) (observing the PCRA provides the sole means for obtaining collateral review of a judgment of sentence). Now that we have established that Appellant's filing was properly construed as a PCRA petition, we consider whether the PCRA court correctly determined that it lacked jurisdiction to consider it.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported

by the record evidence and free of legal error." Commonwealth v. Whitehawk, 146 A.3d 266, 269 (Pa.Super. 2016). In order for a petition to be timely under the PCRA, it must be filed within one year of the date that a petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than ten years after his judgment of sentence became final, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1)(i-iii),[1] we cannot address the claim he asserts therein.

Appellant contends that his PCRA petition falls within the timeliness exception for a new constitutional right. Id. at § 9545(b)(1)(iii). The new constitutional right exception has two requirements: first, that the right asserted is a constitutional right that was recognized by the federal Supreme Court or the state Supreme Court after the time provided in the PCRA, and

_____

[1] These exceptions are:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

second, that the right has been held by that Court to apply retroactively. Thus, Appellant must prove that there is a "new" constitutional right and that the right "has been held" by that Court to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(iii). Appellant fails on both accounts.

In Cullen-Doyle, our Supreme Court held that a single conviction for first-degree burglary, by itself, did not disqualify the defendant from RRRI eligibility. Cullen-Doyle, supra, at 1244. Its holding did not implicate constitutional concerns and the Court did not find that its decision applied retroactively. Therefore, the PCRA court's conclusion that "Cullen-Doyle does not pertain to a constitutional right, nor does it explicitly state it applies retroactively" is accurate. NID, 6/1/18, at 3. Accordingly, Appellant has failed to prove that his Cullen-Doyle claim meets the exception set forth in § 9545(b)(1)(iii) and his untimely PCRA petition was properly denied by the court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2019