J-A09001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN LOUK | |
| Appellant | No. 656 WDA 2020 |

Appeal from the Judgment of Sentence entered December 5, 2019
In the Court of Common Pleas of Greene County
Criminal Division at No: CP-30-CR-0000212-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED:  June 10, 2021**

Appellant, Brian Louk, appeals from the judgment of sentence the Greene County Court of Common Pleas imposed on December 5, 2019.  On appeal, Appellant challenges the sufficiency of the evidence, the weight of the evidence, and the legality of the sentence.  For the reasons explained below, we vacate the judgment and remand for sentencing.

The trial court summarized the relevant background as follows:

> A jury trial was held on September 25, 2019, and [Appellant] was convicted of driving under the influence of alcohol or controlled substance.  The jury determined that [Appellant]'s driving conduct resulted in an accident which caused bodily injury, in violation of Title 75 Section 3802(a)(1).  [Appellant] was acquitted on the charge of unauthorized use of an automobile or other vehicle in violation of Title 18 Section 3928(a).[FN 1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[FN1] After the return of the jury verdict, [the trial court] ruled on the summary offense[s] and found [Appellant] guilty of: Driving Without a License, first offen[s]e, . . . in violation of Title 75 Section 1501(a); recklessly driving, . . . , in violation of Title 75 Section 3736(a); Careless Driving, . . . ., in violation of Title 75 Section 3809(a).

On Saturday, April 21, 2018[,] at approximately 11:44 p.m., [Appellant] was operating a pick-up truck while under the influence of alcohol. The pick-up truck belonged to the victim[']s friend, Deborah Phillips, and Ms. Phillips testified during the course of the trial that [Appellant] was not permitted to operate the vehicle, that she and [Appellant] were friends, and the vehicle was in [Appellant]'s possession.

The jury determined that [Appellant] was the driver of the vehicle and that he was accompanied by a passenger[,] Mr. Jobe. [Appellant]'s operation of the vehicle resulted in a one vehicle roll-over accident, where [Appellant] was pinned under the pick-up truck. [Appellant] was extricated by the fire department and taken to Ruby Memorial Hospital in West Virginia via medevac helicopter. Mr. Jobe was also ejected from the vehicle and was bleeding and injured as a result of the accident.

On December 5, 2019, [Appellant] was sentenced to a total sentence of not less that sixteen (16) months nor more than five (5) years, concurrent to his Westmoreland County Pennsylvania sentence.

Trial Court Post Sentence Motions Opinion, 6/1/20, at 1-2 (some footnotes omitted).

In his post-sentence motion, Appellant raised three claims: sufficiency, weight of the evidence, and legality of sentence. Regarding the first two claims, Appellant argued that his conviction for DUI was not supported by sufficient evidence and was against the weight of the evidence. Specifically, Appellant argued that his conviction could not stand "due to the lack of forensic evidence with regard to the blood inside the truck, the motivation of Jobe (the passenger in the truck at the time of the crash), and various

contradictions and/or discrepancies in witness testimony." Trial Court Post Sentence Motions Opinion, 6/1/20, at 4. Relying on the proper standards, the trial court rejected both claims. *Id.* at 4-6.

Regarding the legality issue, Appellant argued that the trial court erred in grading the instant offense as his fourth DUI offense. The trial court, relying on the Commonwealth's representations, denied relief. *Id.* at 6-11.

In his Rule 1925(b) statement, Appellant argued that the evidence in support of his conviction was insufficient without explaining what element of the crime the Commonwealth failed to prove. Appellant also challenged the weight of the evidence, again without explaining what error or abuse the trial court committed. Finally, Appellant argued that his sentence was illegal because the instant DUI conviction constituted Appellant's second or, at most, his third offense. Statement of Matters Complained of on Appeal, 7/29/20, at 2.

In his brief to this Court, Appellant argues that there was no "confirmatory" evidence that he was the driver of the vehicle involved in the accident, and that, absent such evidence, the conviction was both unsupported by sufficient evidence and was against the weight of the evidence.

We review the sufficiency of the evidence claim as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh

- 3 -

the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014).

Close review of Appellant's sufficiency argument reveals that Appellant is not saying there was no evidence that he was the driver. He simply argues that there was other testimony from Jobe, the passenger, that undermined the Commonwealth's thesis that Appellant was the driver.

In reality, this is a challenge to the weight of the evidence, not its sufficiency. As noted by the trial court, questions of credibility and/or inconsistencies in the testimony are the sole province of the jury. The jury found that Appellant was the driver, and it is not for us to reweigh the evidence. Additionally, in the context of a challenge to the sufficiency, the evidence must be viewed in the light most favorable to the verdict winner, in this case, the Commonwealth. Thus, Appellant's claim is without merit. *Antidormi*, *supra*.

Next, we review Appellant's weight of the evidence claim. In doing so, we apply the following standard:

- 4 -

> [O]ur role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Habay*, 934 A.2d 732, 736-37 (Pa. Super. 2007) (internal citations omitted). An appellate court cannot substitute its judgment for that of the finder of fact. *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003).

Appellant asks us to reweigh Jobe's testimony in the light most favorable to Appellant, and, on this basis, find that the trial court abused its discretion in denying his motion for a new trial. In other words, Appellant requests us to apply an improper standard. *Habey*, *Champney*, *supra*. We decline to do so. Applying the proper standard, we discern nothing that indicates the verdict was so contrary against the evidence as to shock the conscience. Accordingly, Appellant is due no relief on his weight of the evidence claim.

Finally, Appellant argues that the trial court erred in grading the instant DUI conviction as his fourth offense. As explained below, it is unclear how the trial court reached that conclusion. We must, therefore, vacate the judgment of sentence and remand for sentencing.

"The proper grading of [a defendant's] convicted offense is an issue of statutory interpretation by which [an appellate court] determine[s] the

lawfulness of the sentence imposed." ***Commonwealth v. Reed***, 9 A.3d 1138, 1142 (Pa. 2010); ***see also Commonwealth v. Hoffman***, 198 A.3d 1112, 1123 (Pa. Super. 2018) ("[A] claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence.") (citations and quotation marks omitted); ***Commonwealth v. Catt***, 994 A.2d 1158, 1160 (Pa. Super. 2010) (a claim that the trial court "erred when it sentenced [the defendant] as a second-time [DUI] offender" implicated the legality of the defendant's sentence).

Section 3806 of the Vehicle Code, which controls this issue, provides in relevant part:

> (a) General rule.--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
>> (1) an offense under [75 Pa.C.S.A. §] 3802 (relating to driving under influence of alcohol or controlled substance);
>>
>> (2) an offense under former section [75 Pa.C.S.A. §] 3731;
>>
>> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
>>
>> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).
>
> (b) Timing.--

(1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:

(i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or

(ii) on or after the date of the offense for which the defendant is being sentenced.

(2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.

75 Pa.C.S.A. § 3806.

The trial court, in determining the proper grading for the instant DUI conviction, noted the following:

After a review of Title 75 Section 3806, it is clear that [Appellant] had at least three (3) 'prior offenses' on the day of sentencing at the above number and term [*i.e.*, Greene County, Pennsylvania, DUI offense date 6/25/18, sentence imposed 12/5/19]. Therefore, the [trial court] then appropriately sentenced [Appellant] for a fourth (4th) or subsequent DUI within a ten (10) year period.

Trial Court Post Sentence Motions Opinion, 6/1/20, at 9.

Specifically, the trial court considered the following DUI prior offenses: (1) Marion County, West Virginia, DUI, offense date 8/26/2011, sentence date 11/01/2011; (2) Monongalia County, West Virginia, DUI, offense date 1/4/2012, sentence date 8/8/12; and, (3) Westmoreland County, Pennsylvania, DUI, offense date 8/2/15, sentence date 10/22/19. ***See id.***

Appellant argues that the Monongalia County conviction is not a DUI offense, as defined in Section 3806, because Appellant was merely convicted

of "Operator's License revoked" and "no disposition for the DUI." Appellant's Brief 23-24. Regarding the Westmoreland County conviction, Appellant argues that "there was no conviction reduced to a final judgment of sentence" until after the plea/sentence on the instant case. Appellant's Brief at 25, 27. Accordingly, Appellant concludes that since the Monongalia County and the Westmoreland County convictions do not qualify as "prior offenses," the trial court should have graded the instant offense as a second offense,[1] not as a fourth offense.

The Commonwealth agrees that Appellant should be resentenced, albeit for other reasons. Specifically, the Commonwealth argues that "other than the DUI from Westmoreland County[,] the sentencing transcript does not make it clear precisely which DUIs the [trial court] used in its calculation." Commonwealth's Brief at 12-13.

We hold that further proceedings are necessary to determine whether the Monongalia County, West Virginia conviction constitutes a prior offense under Section 3806. On this record, we are unable to determine whether this conviction is "substantially similar" to a DUI offense under 75 Pa.C.S.A. § 3802. **See** 75 Pa.C.S.A. § 3806(a)(3). The trial court should address this issue on remand.

---

[1] Appellant does not dispute that the trial court properly considered the Marion County, West Virginia conviction for purposes of determining the proper grading of the instant offense.

As for the Westmoreland County conviction, following sentencing on October 22, 2019, Appellant moved *nunc pro tunc* to withdraw his guilty plea. On December 27, 2019, the Westmoreland County court entered two orders, one withdrawing the *nunc pro tunc* motion to withdraw plea upon condition of reinstatement of bail and one resentencing Appellant.

In the meantime, in the present case, on December 5, 2019, the trial court sentenced Appellant on his DUI conviction, grading it as Appellant's fourth DUI conviction by counting, among others, the October 22, 2019 Westmoreland conviction.[2]  Appellant argues that the trial court erred in doing so, because under Section 3806, a DUI conviction cannot constitute a prior offense unless it is "final."  The Westmoreland County conviction was not final on December 5, 2019, Appellant continues, because his motion to withdraw his guilty plea in Westmoreland County remained pending, and his conviction in that county did not become final until he was resentenced on December 27, 2019.  Therefore, Appellant concludes, the trial court in the present case should not have considered the Westmoreland Count offense for grading

_____

[2] At the sentencing hearing in the instant matter, Appellant denied that he had a pending motion to withdraw his guilty plea in Westmoreland County, N.T. 12/5/19, at 26, which would explain why the docket shows two entries on 12/27/19, "Resentence/Penalty imposed" and "Order withdrawing nunc pro tunc motion to withdraw plea upon condition of reinstatement of bail." **See** Commonwealth's Brief in Opposition of Defendant's Post Sentence Motion," 5/5/20 (which included a copy of the Westmorland County docket for the Westmorland offense).

purposes under Section 3806. While Appellant addresses the matter at length, he failed to provide any authority for this argument. Appellant's Brief at 24-28.

Contrary to Appellant's argument, we conclude that the Westmoreland County conviction constitutes a prior offense under Section 3806. Under Section 3806(a), a prior conviction "shall mean **any** conviction for which judgment of sentence **has been imposed**." 75 Pa.C.S.A. § 3806(a) (emphasis added). The number of prior offenses shall be calculated at the time of sentencing for the present offense. 75 Pa.C.S.A. § 3806(b)(2). Under this text, a prior offense includes **any** sentence for which judgment of sentence was previously imposed, including sentences that are subsequently amended,[3] such as the Westmoreland County conviction.[4]

Given that the record is not fully developed on the Monongalia County, West Virginia conviction, we vacate Appellant's sentence and remand to the trial court to determine whether this conviction constitutes a prior offense under Section 3806. If it does, the court shall reinstate the sentence it imposed on December 5, 2019. If it does not constitute a prior conviction,

---

[3] A different result might well occur if the conviction underlying the prior offense is subsequently vacated. The present case, however, does not involve this situation.

[4] Furthermore, Appellant committed his DUI offense in Westmoreland County on August 2, 2015, within 10 years before the date of his DUI offense in the present case. Thus, the Westmoreland County offense satisfies the timing provision in Section 3806(b)(1)(i).

the court shall conduct a new sentencing hearing in which Appellant's present offense constitutes a third offense, rather than a fourth, under Section 3806.

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2021