J-A12038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES FARMER | : | |
| | : | |
| Appellant | : | No. 667 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 25, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001699-2014

BEFORE: LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 21, 2021**

James Farmer ("Farmer") appeals from the judgment of sentence entered following the revocation of his probationary sentences for delivery of a controlled substance and criminal use of a communication facility.[1] Counsel has filed an Application to Withdraw from representation, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's Application to Withdraw, vacate the judgment of sentence, and remand for reinstatement of the Orders of special probation and for resentencing.

The trial court summarized the relevant factual and procedural history as follows:

> [T]hrough Criminal Information, the Commonwealth charged [Farmer with the above-described charges]. These

---

[1] ***See*** 35 P.S. § 380-118(a)(30); 18 Pa.C.S.A. § 7512.

charges stemmed from a July 23, 2014, incident, wherein [Farmer] delivered a quantity of crack cocaine to a confidential informant utilizing his cellular telephone to facilitate the transaction in a school zone.

Subsequently, on October 20, 2014, [Farmer] pled guilty to [the charges in] the Criminal Information. [Farmer] requested imposition of sentence and waived completion of a pre-sentence investigation report. Cognizant of the Sentencing Guidelines as well as the facts and circumstances underlying the instant offenses, [the trial court] sentenced [Farmer] in the standard range on Count I, [d]elivery of a [c]ontrolled [s]ubstance, … to eighteen (18) to thirty-six (36) months [of] state incarceration with [two] (2) years [of] special probation, and in the mitigated range on Count II, [c]riminal [u]se of a [c]ommunication [f]acility, … to five (5) years [of] special probation[,] consecutive to Count I.

[F]armer served his minimum sentence, and upon release[,] failed to report to the Philadelphia District Office of the Pennsylvania Board of Probation and Parole [("the Board")] on January 25, 2016. Based upon [Farmer's] absconding while on parole, [the trial court] issued a warrant for a violation of special probation on March 1, 2016. The [Board] declared [Farmer] delinquent. While absconding, [Farmer] re-offended and incurred attempted homicide and firearm[-]related offenses in New York [S]tate with four victims involved. Ultimately, after serving a lengthy sentence in New York, [Farmer] became available to Pennsylvania on January 24, 2020. [The trial court] conducted a special probation violation hearing on February 25, 2020. [Farmer] stipulated to the violation….

Trial Court Opinion, 12/28/20, at 1-2.

Consequently, the trial court anticipatorily revoked the terms of Farmer's special probation. For his conviction of delivery of a controlled substance, the trial court resentenced Farmer to a prison term of 18-36 months. For his conviction of criminal use of a communications facility, the trial court imposed a consecutive prison term of 12-24 months, resulting in an

aggregate sentence of 30-60 months in prison. On March 5, 2020, Farmer filed a Motion for Reconsideration of sentence, which the trial court denied on April 8, 2020. Farmer filed a Notice of Appeal on April 27, 2020, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Initially, we must address whether we have jurisdiction to entertain Farmer's appeal. The trial court imposed Farmer's revocation sentence on February 25, 2020. Although Farmer timely filed a post-sentence Motion, his Motion did not toll the appeal period. *See* Pa.R.Crim.P. 708(E) (providing that "[t]he filing of a motion to modify sentence [after a revocation] will not toll the 30-day appeal period."). Accordingly, Farmer was required to file his appeal by March 26, 2020. *See id.* Farmer filed his Notice of Appeal on April 27, 2020. Thus, his appeal is facially untimely.

Notwithstanding, on March 16, 2020, the Pennsylvania Supreme Court declared a general, statewide judicial emergency because of the coronavirus that causes COVID-19. *In re General Statewide Judicial Emergency*, 228 A.3d 1280 (Pa. filed March 16, 2020) (*per curiam*). In a March 18, 2020, Order, the Supreme Court generally suspended "all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines." *In re General Statewide Judicial Emergency*, 228 A.3d 1280 (Pa. filed April 28, 2020) (*per curiam*). On April 28, 2020, the Supreme Court further ordered that "legal papers or pleadings

(other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." *In re: General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. filed April 28, 2020) (*per curiam*) (emphasis omitted). Therefore, we consider Farmer's Notice of Appeal, which was filed on April 27, 2020, during the Judicial Emergency, to be timely filed.

Next, we address counsel's Application to Withdraw from representation. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (stating that, "[w]hen presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to *Santiago*, in the *Anders* brief that accompanies counsel's petition to withdraw, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied these requirements, "it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Cox*, 231 A.3d 1011, 1015 (Pa. Super. 2020) (citation and internal quotation marks omitted).

- 4 -

In her Application to Withdraw, counsel states that she has reviewed the record and concluded that the appeal is frivolous. Application to Withdraw at 2. Additionally, counsel notified Farmer that she was seeking permission to withdraw, furnished Farmer with copies of the Application to Withdraw and the *Anders* Brief, and advised Farmer of his right to retain new counsel, or proceed *pro se*, to raise any points he believes worthy of this Court's attention. *See id.*, Exhibit A. Finally, counsel's *Anders* Brief complies with the dictates of *Santiago*, as it includes the required summary of the procedural history and facts, addresses Farmer's claims with references to the record, and sets forth counsel's conclusion that the appeal is frivolous, as well as the reasons for that conclusion. *See Santiago*, 978 A.2d at 361. Accordingly, counsel has complied with the technical requirements of *Anders*/*Santiago*. We therefore will conduct our own review to determine whether the appeal is, in fact, wholly frivolous. *See Cox*, 231 A.3d at 1015.

Farmer presents the following claims for our review:

A. Whether the [trial] court erred when it revoked his probation before it had commenced[?]

B. Whether the trial court failed to state on the record the reasons for the sentences imposed[?]

C. Whether the sentences imposed were inappropriately and unduly harsh and excessive[?]

*Anders* Brief at 4 (issues redesignated for purposes of review).

Farmer first claims that the trial court improperly revoked his probationary sentences before they had commenced. *Id.* at 11. According to

Farmer, he could not have violated the terms of his probation, "because the violation occurred while he was still on parole and prior to the commencement of his probation." *Id.* However, counsel points out that, pursuant to *Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa. Super. 1980), and its progeny, the claim lacks merit and is frivolous. *Anders* Brief at 11.

Farmer's claim implicates the legality of his sentence. *See Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (*en banc*) (stating that "[a] claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence.").

In its Opinion, the trial court concluded that Farmer's claim is controlled by this Court's decision in *Wendowski*. In *Wendowski*, this Court held that

> [i]f, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation….

*Commonwealth v. Wendowski*, 420 A.2d 628, 630 (1980), *overruled by Commonwealth v. Simmons*, 2021 Pa. Super. LEXIS 528, at *21 (Pa. Super. Aug. 28, 2021). Thus, pursuant to *Wendowski*, the trial court revoked Farmer's special probationary terms before they had commenced. Trial Court Opinion, 12/28/20, at 9.

However, this Court, sitting *en banc*, recently revisited the legality of an anticipatory revocation of probation. In **Simmons**, this Court explained that the holding in **Wendowski** is contrary to the plain language of Sections 9721, 9754, and 9771 of the Sentencing Code. **Simmons**, 2021 Pa. Super. LEXIS 528, at \*\*25-26; **see also** 42 Pa.C.S.A. §§ 9721, 9754, 9771. Consequently, this Court expressly overruled **Wendowski** and its progeny. **Simmons**, 2021 Pa. Super. LEXIS 528, at \*31. The **Simmons** Court ultimately reversed the defendant's judgment of sentence, and remanded with instructions to reinstate the original order of probation. **See id.** at \*32.

The instant case is controlled by our decision in **Simmons**. As **Simmons** concluded, the trial court in the instant case lacked the statutory authority to revoke Farmer's special probationary terms before they had commenced. **See id.** We therefore vacate Farmer's judgment of sentence. We remand for the reinstatement of Farmer's original Orders of special probation. **See id.**

Additionally, it appears from the record that Farmer absconded upon parole from his sentence for delivery of a controlled substance. As this Court has explained, an "order revoking parole does not impose a new sentence; it requires [the defendant], rather, to serve the balance of a valid sentence previously imposed." **Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa. Super. 1993). Thus, when resentencing for Farmer's conviction of delivery,

the trial court may resentence him to serve *only* the balance of the sentence previously imposed. ***See id.***

As a final matter, we address counsel's Application to Withdraw from representation. As set forth above, Farmer's first claim is meritorious and not frivolous. We therefore deny counsel's Application to Withdraw from representation.[2] ***See Cox***, 231 A.3d at 1015.

Application denied. Judgment of sentence vacated. Case remanded with instructions to reinstate the original Orders of probation and for resentencing in accordance with this Memorandum. Superior Court jurisdiction relinquished.

Judge Lazarus joins the memorandum.

Judge Stabile notes his dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2021

---

[2] Given our disposition of Farmer's first claim, we need not address his remaining claims of error.