J-S24037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN PHILLIP WOLFE | : | |
| | : | |
| Appellant | : | No. 1447 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 13, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000290-2020

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED: AUGUST 1, 2023**

Appellant John Phillip Wolfe appeals from the judgment of sentence entered in the Court of Common Pleas of Cumberland County following the revocation of his probation and resentencing on his 2020 conviction for flight to avoid apprehension, 18 Pa.C.S.A. § 5126(a).  After a careful review, we find no error in the trial court revoking Appellant's probation;[1] however, because the trial court imposed an illegal sentence upon resentencing Appellant, we vacate the judgment of sentence and remand for resentencing.

The relevant facts and procedural history are as follows:  On August 13, 2020, Appellant, who was represented by counsel, entered a guilty plea to the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] As discussed *infra*, Appellant does not dispute he violated his probation.

sole charge of flight to avoid apprehension, which was graded as a second-degree misdemeanor.[2]  At the guilty plea hearing, the prosecutor set forth the facts underlying Appellant's charge as follows:

> In [the instant case, at lower court docket number CP-21-CR-0000290-2020,] the police had a warrant for [Appellant's] arrest based on the facts of [CP-21-CR-0000291-2020, which is related to Appellant's assault of Jason Mellott]. The police spoke to family members looking for [Appellant] and talked to [Appellant] on the phone several times.  [Appellant] knew he was wanted and refused to turn himself in.  Furthermore, [Appellant] told the police that they would not catch him.
>
> [Appellant] was later found in Delaware.  The involvement of the police and—at least the involvement of the police occurred in Cumberland County, Pennsylvania.

N.T., 8/13/20, at 4.

After accepting Appellant's guilty plea, the trial court immediately sentenced Appellant to two years of supervised probation for the instant matter.  The sentence was imposed consecutively to Appellant's sentence for simple assault at lower court docket number CP-21-CR-0000291-2020.[3]  Appellant did not file a direct appeal to this Court.

Thereafter, on September 8, 2022, while Appellant was serving the probation sentence for his flight to avoid apprehension conviction in the

---

[2] On the same date, Appellant also entered a guilty plea to a charge of simple assault at lower court docket number CP-21-CR-0000291-2020.

[3] For the simple assault charge docketed at CP-21-CR-0000291-2020, the trial court sentenced Appellant to one year less one day to two years less one day in prison.  The trial court indicated that Appellant was eligible for the work release program.  It is undisputed Appellant completed this sentence.

instant matter, Appellant's probation officer filed a petition to revoke

Appellant's probation on the following bases:

1. [Appellant] failed to submit to testing for drug/alcohol as directed by the probation officer. [Appellant] may not use any synthetic, mood, or mind altering substances or any controlled substances without a valid prescription. To wit,
- On 8/16/22, [Appellant] refused to provide a sample.
- On 8/22/22, [Appellant] failed to provide an adequate sample.
- On 8/24/22, [Appellant] tested positive and admitted to the use of methamphetamine and amphetamine.
2. [Appellant] failed to report as directed by the probation officer, to wit,
- On 9/22/22 and 9/6/22, [Appellant] failed to report to the office as directed and therefor[e] failed to report for drug testing.

Trial Court Opinion, filed 12/7/22, at 2 (footnote omitted) (citing Petition for

Revocation from Probation, filed 9/8/22).

On September 13, 2022, Appellant, who was represented by counsel,

proceeded to a probation revocation hearing. At the hearing, Appellant

admitted he tested positive for drugs. N.T., 9/13/22, at 4. Accordingly, the

trial court found Appellant committed a violation of his probation and revoked

his probation.[4] *Id.*

---

[4] In **Commonwealth v. Foster**, 654 Pa. 266, 214 A.3d 1240 (2019), our Supreme Court examined the statutory framework governing probation revocations and concluded that "a court may find a defendant in violation of probation only if the defendant has violated one of the specific conditions of probation included in the probation order or has committed a new crime." **Id.** at 1250; **see also Commonwealth v. Koger**, 15 WAP 2022, 2023 WL

*(Footnote Continued Next Page)*

Regarding resentencing Appellant for his flight to avoid apprehension conviction, the probation officer recommended that Appellant be "resentenced to a period of incarceration for three (3) to twelve (12) months." *Id.* at 2-3. Although the trial court indicated it was "honoring" the probation officer's recommendation, the trial court resentenced Appellant to three (3) months to twenty-three (23) months in prison to be followed by one (1) year of supervised probation for the flight to avoid apprehension conviction. *Id.* at 3-4. This timely appeal followed on October 13, 2022, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issue in his "Statement of the Questions Presented" (verbatim):

I.    Whether the sentencing court erred in resentencing the Defendant to imprisonment for not less than three months nor more than twenty-three months, followed by a consecutive period of one year supervised probation on Count 2 flight to avoid apprehension graded as a misdemeanor of the second degree?

Appellant's Brief at 6 (bold, unnecessary capitalization, and suggested answer omitted).

---

4193028 (Pa. 2023). Here, Appellant does not dispute that, as a condition of his probation, he "may not use any synthetic, mood, or mind altering substances or any controlled substances without a valid prescription." Trial Court Opinion, filed 12/7/22, at 2. He also does not dispute he violated this provision when, on August 24, 2022, he tested positive and admitted to the use of methamphetamine and amphetamine. *Id.*

On appeal, Appellant specifically contends that, following the revocation of his probation for flight to avoid apprehension, the trial court imposed a sentence that exceeds the statutory maximum, and thus, his sentence is illegal. Accordingly, Appellant requests we vacate the judgment of sentence and remand for resentencing.

Initially, we note the following relevant legal precepts:

> Following probation violation proceedings, this Court's scope of review is limited to verifying the validity of the proceeding and the legality of the sentence imposed. **Commonwealth v. Heilman**, 876 A.2d 1021 (Pa.Super. 2005). "The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte.* **Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa.Super. 2001). "Issues relating to the legality of a sentence are questions of law...." **Commonwealth v. Diamond***,* 945 A.2d 252, 256 (Pa.Super. 2008)[.] As with all questions of law on appeal, our "standard of review is *de novo* and our scope of review is plenary." **Id.**
>
> "A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." **Commonwealth v. Catt**, 994 A.2d 1158, 1160 (Pa.Super. 2010) (*en banc*). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Id.* (quoting **Commonwealth v. Watson**, 945 A.2d 174, 178–79 (Pa.Super. 2008)). Likewise, a sentence that exceeds the statutory maximum is illegal. **Commonwealth v. Bradley**, 575 Pa. 141, 834 A.2d 1127 (2003). If a court "imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." **Commonwealth v. Vasquez**, 560 Pa. 381, 388, 744 A.2d 1280, 1284 (2000).

**Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa.Super. 2013).

Once probation has been revoked, a sentence of total confinement may be imposed if the defendant has been convicted of another crime, to vindicate the authority of the court, or the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned.[5] **See** 42 Pa.C.S.A. § 9771(c)(1)-(3). Moreover, as we discussed in **Commonwealth v. Crump**, 995 A.2d 1280 (Pa.Super. 2010), "while the language of [42 Pa.C.S.A. §] 9760 does not discuss an illegal sentence or the situation where a person receives a new sentence as a result of a probation violation, our case law analyzing the statute has outlined the necessary considerations we must make in determining whether a sentence is illegal." **Id.** at 1284.

> Our statutory and case law are clear. Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing, giving due consideration "to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b).[6]  As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal. Additionally, the sentencing court cannot give a new split sentence where the period of incarceration and period of probation exceed the statutory maximum.

---

[5] In the case *sub judice*, Appellant does not dispute the trial court had the authority to impose a sentence of total confinement upon the revocation of his probation.

[6] To clarify, this Court has held that "the sentencing court at the time of re-sentencing [upon a violation of probation] must give 'due consideration' to the time the defendant spent serving probation, but need not credit the defendant with any time spent on probation." **Crump**, 995 A.2d at 1284 (determining the defendant's "original probationary sentence ha[d] no effect on determining the legality of his subsequent revocation sentence").

*Id.* at 1285 (internal citations omitted) (footnote added).

The statutory maximum period for flight to avoid apprehension-a misdemeanor of the second degree-is two years' imprisonment. 18 Pa.C.S.A. § 1104(2). Accordingly, in sentencing Appellant after the revocation of his probation, the trial court was limited by the statutory maximum of 2 years.

Appellant was originally sentenced to two years of supervised probation for the instant matter without any jail time. As indicated *supra*, while the trial court was required to give "due consideration" to the two years of supervised probation already served by Appellant, it was not required to credit Appellant upon revocation for the time spent on probation. ***Crump***, ***supra***. Still, we agree with Appellant that the trial court's sentence imposed upon revocation is illegal.[7]

It is well-settled that a court may impose a split sentence, a sentence that includes a period of incarceration as well as a period of probation. ***Commonwealth v. Johnson***, 967 A.2d 1001, 1004 n.3 (Pa.Super. 2009). However, the sentencing court cannot give a new split sentence where the period of incarceration and period of probation exceed the statutory maximum. ***Crump***, 995 A.2d at 1285 (internal citations omitted). For

---

[7] On appeal, the Commonwealth concurs with Appellant's assessment, and therefore, the Commonwealth requests that we vacate the judgment of sentence and remand for Appellant to be resentenced. ***See*** Commonwealth's Brief at 5-6. Furthermore, in its Pa.R.A.P. 1925(b) opinion, the trial court suggests Appellant's revocation sentence exceeds the statutory maximum. Trial Court Opinion, filed 12/7/22, at 3.

example, as we explained in **Crump**, "where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years [of] probation." *Id.* at 1284.

Accordingly, in the case *sub judice*, where the statutory maximum is two years, the trial court erred in sentencing Appellant upon the revocation of his probation to three (3) months to twenty-three (23) months in prison to be followed by one (1) year of supervised probation. Appellant faces the potential of serving two years and eleven months punishment for his flight to avoid apprehension offense, thereby exceeding the statutory maximum punishment of two years for second-degree misdemeanors. Therefore, we conclude Appellant's sentence is illegal.

Consequently, although we conclude the trial court properly revoked Appellant's probation, we vacate the judgment of sentence and remand for resentencing.

Order revoking probation affirmed; judgment of sentence vacated; case remanded for resentencing; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/01/2023