J-S38006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAMAR BEATTY | : | |
| | : | |
| Appellant | : | No. 1973 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005671-2019

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED OCTOBER 25, 2023**

Lamar Beatty appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he pled guilty to possession of firearm prohibited (F2),[1] simple assault,[2] and possessing an instrument of crime ("PIC").[3]  Because the trial court imposed an illegal sentence as to possession of firearm prohibited, we vacate Beatty's judgment of sentence and remand for resentencing.[4]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105.

[2] *Id.* at § 2701.

[3] *Id.* at § 907.

[4] The Commonwealth agrees that Beatty's sentence is illegal and that the case must be remanded for resentencing.

Beatty pled guilty to the above-mentioned offenses on August 5, 2021. At the guilty plea hearing, the trial court stated twice that the possession of firearms prohibited count was graded as a second-degree felony. **See** N.T. Guilty Plea Hearing, 8/5/21, at 8, 11. The court also informed Beatty that his total possible maximum sentence was 17 years.[5] **See id.** at 8.

At sentencing, counsel for the Commonwealth reaffirmed that Beatty had pled guilty to possession of firearms prohibited, graded as an F2. **See** N.T. Sentencing, 3/3/22, at 12. The court then proceeded to sentence Beatty to a term of 6 to 12 years' incarceration, without specifying the period of incarceration attributable to each offense. **See id.** at 19 ("I'm not buying anything you're selling. I'm agreeing with the Commonwealth. It's six to twelve years['] incarceration. You are not RRRI eligible, but you will get credit for all time served[.]"). However, the written sentencing order indicated that the entire sentence was imposed on the possession of firearm prohibited conviction, **graded as a first-degree felony**. **See** Order of Sentencing, 3/3/22.

Here, it is clear that Beatty pled guilty to possession of a firearm prohibited, graded as an F2, carrying a maximum sentence of 10 years' incarceration. **See** 18 Pa.C.S.A. § 1103(2) (person convicted of second-

---

[5] Possession of a firearm prohibited graded as an F2 carries a maximum penalty of 10 years' incarceration, PIC carries a maximum of 5 years, and simple assault a maximum of 2 years. The aggregate maximum of these three offenses—with persons not to possess graded as an F2—corresponds to the trial court's on-the-record calculation of 17 years.

degree felony may be sentenced to term of imprisonment not to exceed ten years). As a result, the trial court's sentence of 6 to 12 years for that single offense exceeds the statutory maximum of 10 years and is an illegal sentence. *See Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (en banc) ("If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated."). Accordingly, we vacate Beatty's judgment of sentence and remand the case to the trial court for resentencing.[6]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 25, 2023

---

[6] Because we vacate and remand for resentencing, we need not address Beatty's discretionary aspects of sentencing claim. Similarly, we need not address Beatty's claim that his plea was involuntary because he believed he was pleading guilty to a felony of the second degree and did not receive the benefit of his bargain.