J-S20019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANET LEE HOPPER | : | |
| | : | |
| Appellant | : | No. 18 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 5, 2021
In the Court of Common Pleas of Armstrong County
Criminal Division at CP-03-CR-0000797-2020

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                **FILED: JUNE 23, 2022**

Janet Lee Hopper (Appellant) appeals from the judgment of sentence imposed after she pled guilty to driving under the influence of alcohol, general impairment, (DUI), and driving under suspension, DUI related, (DUS).[1]

On May 29, 2020, Appellant was involved in a car accident.  As a result, the Commonwealth charged her with DUI and DUS.  At Appellant's guilty plea hearing, the assistant district attorney (ADA) explained:

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 1543(b)(1.1)(i).  The trial court did not sentence Appellant to incarceration for her DUS conviction.  Nonetheless, we recognize the Pennsylvania Supreme Court's recent decision affirming a DUS conviction but vacating the sentence of incarceration because "the only punishment that lawfully may be imposed at this time for a violation of DUS pursuant to subsection 1543(b)(1.1)(i) is the mandatory $1,000 fine." ***Commonwealth v. Eid***, 249 A.3d 1030, 1044 (Pa. 2021).

[Appellant] displayed multiple signs of being highly intoxicated, including a strong odor of alcohol and various off-kilter statements that she had made. Field sobriety tests were not able to be conducted due to her level of impairment. She was taken into custody and refused to submit to a chemical test of blood.

At the time of this offense, her license was suspended due to prior DUIs.

N.T., 8/4/21, at 6-7. The ADA also stated that Appellant's DUI "would be her seventh lifetime DUI." *Id.* at 5. Appellant's attorney (Defense Counsel) added that Appellant was "aware this is a ***Chichkin***[2] first offense and **the DUIs will be brought up at presentence**, but it is a first offense in ten years." *Id.* at 6 (emphasis added).

Appellant admitted she had been drinking at the time of the accident, and did not have a valid driver's license because she "lost them prior [due] to other" DUIs. *Id.* at 7. The trial court asked Appellant whether she was aware of the "mandatory minimum periods of confinement?" *Id.* Appellant

_____

[2] In ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020), this Court found 75 Pa.C.S.A. § 3806(a) to be unconstitutional insofar as it defined a prior acceptance of ARD as constituting a prior offense for sentencing purposes. However, on January 4, 2022, the Pennsylvania Supreme Court granted allowance of appeal, currently pending, to consider:

Whether the Superior Court erred in holding for DUI sentencing purposes that the Defendant's conviction was a first offense in ten years as opposed to a second offense in ten years based upon the defective holding in ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020) that acceptance of ARD could not be treated as a prior conviction?

***Commonwealth v. Verbeck***, 270 A.3d 1098, 1099 (Pa. 2022).

responded, "Yes, sir." *Id.* The trial court accepted Appellant's plea, ordered a presentence investigation report (PSI), and scheduled sentencing for October 5, 2021.

At sentencing, the trial court referenced the PSI and asked Appellant whether there was anything in the PSI she "wish[ed] to bring to [the court's] attention as wrong or inaccurate?" N.T., 10/5/21, at 3. Defense Counsel responded, "the only thing that's wrong, it's not a big deal, she has moved recently to" a different address. *Id.*

Appellant's attorney further stated that Appellant, "for the most part," had been sober from 2002 to 2016. *Id.* at 5. At the time of sentencing, Appellant was 59 years old. She had been in an abusive relationship, and had recent surgery and "a lot of accidents." *Id.* at 5. Appellant was "currently on 16 medications [and] scheduled to start physical therapy[.]" *Id.*

Defense Counsel requested the trial court sentence Appellant to house arrest. *See id.* at 11. The court declined, saying: "If I were to place your client on house arrest, then she would be sentenced to less of a penalty on her seventh DUI than she was on her first DUI. … So it makes no sense to me to go backward." *Id.* at 11-12. The trial court twice remarked, and Defense Counsel conceded, that seven DUIs was "extraordinary." *Id.* at 12. Nevertheless, the court specified it was sentencing Appellant "as a tier one, first offense DUI." *Id.* at 13. The trial court sentenced Appellant to three to six months of incarceration for DUI, with no confinement for DUS.

Appellant filed a timely post-sentence motion to modify sentence. The trial court held a hearing on December 16, 2021, and entered an order denying the motion on December 21, 2021. Appellant filed a timely appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents the following issues for review:

WHETHER THE SENTENCING COURT IMPOSED AN ILLEGAL SENTENCE WHEN IT SENTENCED APPELLANT TO NINETY (90) DAYS TO SIX (6) MONTHS IMPRISONMENT FOR A VIOLATION OF 75 PA.C.S. § 3802(a)(1), WHERE APPELLANT'S VIOLATION WAS DEEMED A FIRST OFFENSE PURSUANT TO 75 PA.C.S. § 3806 AND THE ONLY AUTHORIZED SENTENCE IS SIX MONTHS OF PROBATION?

WHETHER 75 PA.C.S. § 3804(a)(1) IS UNCONSTITUTIONALLY VAGUE WHERE IT CAN BE INTERPRETTED TO MANDATE A PERIOD OF SIX (6) MONTHS OF PROBATION FOR A DUI GENERAL IMPAIRMENT FIRST OFFENSE?

Appellant's Brief at 4.

Appellant argues her sentence of three to six months of incarceration is illegal because her conviction was a first offense under 75 Pa.C.S.A. § 3806, which defines prior offenses. Appellant's Brief at 8. She also claims the penalties for DUI, general impairment, set forth in 75 Pa.C.S.A. § 3804(a)(1), are unconstitutionally vague. *Id.* Appellant contends § 3804 must be "strictly interpreted in [her] favor," and "requires a finding that the only authorized punishment for a Tier I DUI offense that is a first offense is six months of probation." *Id.* She further argues "the rule of lenity also requires a finding

that the only authorized punishment for a Tier I DUI offense ... is six months of probation." *Id.*[3]

When Appellant entered her guilty plea, she waived "all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." *Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006). Appellant's challenge to the fundamental authority of the trial court to impose her sentence constitutes a challenge to the legality of the sentence. *Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (citations omitted). When the legality of a sentence is at issue, our "standard of review is *de novo* and our scope of review is plenary." *Id.*

Appellant first argues, without supporting authority, that "the only authorized punishment for a Tier I first offense DUI is six months of probation." Appellant's Brief at 9, 13. Prevailing case law, particularly *Commonwealth v. Brown*, 240 A.3d 970 (Pa. Super. 2020), refutes this argument.

Section 3804 of the Vehicle Code sets forth mandatory minimum sentences for DUI offenders, and provides that the **mandatory minimum** penalty for a first offense DUI, general impairment, is six months of probation. *See* 75 Pa.C.S.A. § 3804(a)(1)(i). With respect to § 3806 and

---

[3] The Commonwealth has advised it "does not intend to file an appellee brief in the above stated matter." Letter, 4/19/22.

prior offenses, we have stated that Vehicle Code "provisions relating to prior offenses ... do not dictate the defendant's guideline sentence range, only the minimum that [s]he *must* serve." **Commonwealth v. Cook**, 941 A.2d 7, 13 (Pa. Super. 2007) (italics in original). Moreover, in **Brown**, **supra**, this Court expressly rejected Appellant's argument. Like Appellant, the appellant in **Brown**, "fail[ed] to cite to a decision supporting his statutory interpretation," *id.* at 973, arguing that

> the trial court had no authority to impose a minimum sentence greater than the six months' probation that Section 3804(a)(1)(i) sets forth as a mandatory minimum sentence. Specifically, he maintain[ed] the court was not permitted to rely as it did upon the record or sentencing guidelines where the plain and unequivocal statutory language setting forth the mandatory minimum term of sentencing required imposition of a six month probationary sentence.

**Brown**, 240 A.3d at 972.

This Court rejected the argument, finding "no compelling reason … to depart not only from the Commonwealth Court's jurisprudence declining to construe Section 3804(a)(1) as requiring in all cases a minimum sentence of probation for all first-time offenders, but also from our own jurisprudence obligating courts to consider guideline sentences when they exceed mandatory minimum sentences." *Id.* at 973. We observed:

> In **Commonwealth v. Lewis**, 45 A.3d 405, 411–13 (Pa. Super. 2012) (*en banc*), this Court reviewed whether a trial court had abused its discretion when it imposed a sentence exceeding the applicable mandatory minimum sentence [] for PWID after considering both the standard guideline range [] and the statutory maximum[.] At the outset, our Court sitting *en banc*, acknowledged that it was the trial court's *obligation* to consider

the imposition of a guideline range sentence when the guidelines exceeded the statutory mandatory minimum sentence:

> A sentencing court "has no power to sentence below the mandatory minimum notwithstanding any guidelines provision." ***Commonwealth v. Morgan***, 425 Pa. Super. 344, 625 A.2d 80, 84–85 (1993). However, the sentencing court must consider the sentencing guidelines "whenever the guidelines suggest a longer sentence than the mandatory minimum required." ***Id***. (emphasis omitted). ***See also*** 204 Pa. Code § 303.9 (stating that "[w]hen the [guidelines] sentence recommendation is higher than that required by a mandatory sentencing statute, the court shall consider the guideline[s] sentence recommendation"). …

***Brown***, 240 A.3d at 973-74 (emphasis in original) (quoting ***Lewis***, 45 A.3d at 411-12).

We thus "reject[ed a]ppellant's bare assertion that the mandatory minimum sentencing provision within Section 3804(a)(1) represents the only sentence available to a court in imposing sentence in such cases," and found the appellant's **three to six month sentence** to be "consistent with controlling authority requiring courts to consider imposition of applicable guideline range sentences when they exceed statutory minimums." ***Id.*** at 974.

Instantly, Appellant acknowledges our holding in ***Brown***, but asserts it "was wrongly decided." Appellant's Brief at 9. Appellant disregards that we "are bound by decisional and statutory legal authority." ***Matter of M.P.***, 204 A.3d 976, 986 (Pa. Super. 2019). In particular, we are bound by our decision in ***Brown***. ***See Czimmer v. Janssen Pharmaceuticals, Inc.***, 122 A.3d

1043, 1063 n.19 (Pa. Super. 2015) (explaining it is beyond the power of a Superior Court panel to overrule a prior Superior Court decision, except in circumstances where intervening authority by the Supreme Court calls into question a previous decision of this Court). Accordingly, we are not persuaded by Appellant's argument that § 3804(a)(1) "authorized only" the mandatory minimum sentence of six months of probation.

Likewise, we are not persuaded by Appellant's argument that § 3804(a)(1) is unconstitutionally vague. The constitutionality of a statute is a question of law; therefore, our scope of review is plenary. *Commonwealth v. Crawford*, 24 A.3d 396, 400 (Pa. Super. 2011) (citation omitted). "The constitutional validity of duly enacted legislation is presumed. The party seeking to overcome the presumption of validity must meet a formidable burden." *Id.* "A statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution; all doubts are to be resolved in favor of a finding of constitutionality." *Id.*

Appellant assails the Vehicle Code's "inartful" statutory language, distinguishing what "might convey to an ordinary citizen," in comparison to what "attorneys might reasonably assume" regarding penalties. *See* Appellant's Brief at 16. Appellant does not cite pertinent legal authority to support her argument and meet her "formidable burden." *Crawford*, *supra*. Appellant also relies on the rule of lenity, arguing "the only lawful sentence that can be imposed on [her] is a fine and possibly probation." Appellant's

Brief at 21. The rule of lenity refers to the "mandate that ambiguous penal statutes be interpreted in favor or the criminal defendant." ***Commonwealth v. Jarowecki***, 985 A.2d 955, 963 (Pa. 2009). Once again, Appellant assails the vagueness of the Vehicle Code, but provides no persuasive legal authority for her argument. Rather, she refers to "the potential unpleasant task asked of this Honorable Court" regarding "Pennsylvania's current DUI scheme, [which] from its inception, was destined to create problems." Appellant's Brief at 22. Appellant asserts "our legislature created some confusion, as well as some unfairness," and essentially asks that we deviate from existing law. As noted above, we are bound by existing authority and our prior decisions.

The Vehicle Code provides that an individual who is convicted under §3802(a) of DUI, general impairment, as a first offense, "undergo a mandatory minimum term of six months' probation" pursuant to § 3804(a)(1)(i), as well as "a term of imprisonment of not more than six months" pursuant to § 3803(a)(1). The trial court correctly observed:

> The instant case is controlled by 75 Pa.C.S.A. § 3804(a)(1)(i) and 75 Pa.C.S.A. § 3803(a)(1). In ***Commonwealth v. Brown***, 240 A.3d 970 (Pa. Super. 2020), the Superior Court held that § 3804(a)(1)(i) sets forth the mandatory minimum sentence of a Tier I DUI offense at six (6) months of probation. Additionally, § 3803(a)(1) sets forth the maximum sentence for the Tier I DUI offense at no more than six (6) months and to pay a fine. Section 3804(a)(1)(i) is not the only sentence available to the [trial c]ourt as … 3803(a)(1) sets the maximum sentence. ***Id.*** at 974. Furthermore, the [c]ourt may consider guideline range sentences when sentencing defendants to more than the statutory minimum. ***Id.***

After reviewing the presentence investigation report, which noted the applicable standard range as well as [Appellant's] history of DUIs, the [c]ourt noted the mandatory minimum sentence was inadequate, as the present case was [Appellant's] seventh DUI conviction. Accordingly, [Appellant] was convicted of a Tier I DUI offense and the [c]ourt sentenced [her] to three (3) to six (6) months incarceration. The sentence imposed was within the guideline range from § 3803(a)(1) and § 3804(a)(1).

Trial Court Opinion, 1/24/22, at 2.

Appellant's sentence of 3 to 6 months of incarceration for DUI is consistent with statutory and case law. The sentence is legal, and Appellant's claims to the contrary do not merit relief.

Judgment of sentence affirmed.

Judge King joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2022