J-A08017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD CHARLES THORNTON | : | |
| | : | |
| Appellant | : | No. 1180 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Warren County
Criminal Division at No(s):  CP-62-CR-0000075-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD CHARLES THORNTON | : | |
| | : | |
| Appellant | : | No. 1181 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Warren County
Criminal Division at No(s):  CP-62-CR-0000074-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD CHARLES THORNTON | : | |
| | : | |
| Appellant | : | No. 1182 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Warren County
Criminal Division at No(s):  CP-62-CR-0000149-2020

J-A08017-23

BEFORE:  STABILE, J., SULLIVAN, J., and PELLEGRINI, J.*

MEMORANDUM BY SULLIVAN, J.:                    **FILED: September 7, 2023**

Edward Charles Thornton ("Thornton") appeals from the judgments of sentence imposed after he pleaded guilty in three separate cases to multiple counts of driving under the influence ("DUI"), driving while operating privileges suspended ("DUS"), one count each of fleeing or attempting to elude a police officer, accident involving damage to attended vehicle, and related offenses.[1]  Additionally, Thornton's counsel has filed briefs pursuant to **Anders v. California**, 386 U.S. 738 (1967), and petitions to withdraw.  We affirm in part, vacate in part, and deny counsel's petitions to withdraw.

The trial court summarized the factual and procedural background of Thornton's convictions as follows:

> On February 23, 2020[,] at 7:45 p.m., a police officer responded to a call about a person inside a vehicle in front of a Tractor Supply [store] for four hours.  The officer observed that [Thornton] was passed out in an awkward position in the vehicle while the lights were turned on and the engine was running.  After [the officer woke up Thornton, he] provided identification, [and] the officer determined that he had a previous DUI [conviction].  After searching [Thornton's] person and his vehicle, the officer found various drug paraphernalia, a bag with a crystal-like substance, and a bag with a leafy substance.  [Thornton] informed the officer that he had ingested marijuana and methamphetamine in the previous twenty-four hours.  [Thornton] failed the sobriety tests but refused to submit to chemical testing.  As a result of this incident, [Thornton] was charged [at docket] 149 of 2020 [with,

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. §§ 3802(c), 3802(d)(2), 1543(b)(1)(i), 1543(b)(1.1)(i), 3733(a), 3743(a).  Thornton also pleaded guilty to several summary traffic violations.

inter alia, DUI—controlled substance, second offense and DUS under 75 Pa.C.S.A. § 1543(b)(1.1)(i).]

On November 18, 2020, an officer in a marked vehicle attempted to stop [Thornton] for driving at night without headlights. After the officer turned on his lights, [Thornton] fled and drove through red lights and blinking red lights in the process. [At that time, Thornton] was driving while his license was suspended from a previous DUI. [At docket] 74 of 2021, [Thornton] was charged with[, inter alia, fleeing or attempting to elude a police officer and DUS under 75 Pa.C.S.A. § 1543(b)(1)(i).]

While attempting to flee from a police officer on March 16, 2021, [Thornton] collided with another vehicle at the intersection of West Main Street and North Main[ S]treet in Youngsville. [Thornton] left his vehicle and ran from the scene of the accident without assisting the driver of the other vehicle. He continued to run after an officer commanded that he stop. [Thornton] had a [blood-alcohol content] of 0.17 during this incident. He was once again driving while his license was suspended due to a previous DUI. [Thornton] was charged [at docket 75 of 2021] with[, inter alia, flight to avoid apprehension, accident with damage to attended vehicle/property, DUI—highest rate, third offense, and DUS under 75 Pa.C.S.A. § 1543(b)(1)(i).]

Trial Court Opinion, 10/24/22, at 1-3.

Thornton entered open guilty pleas in all three cases, and the trial court sentenced him in September 2021. Thornton took a direct appeal, and his counsel filed petitions to withdraw and an **Anders** brief. This Court denied counsel's petitions to withdraw, vacated the judgments of sentence, and remanded for resentencing to correct an illegal sentence for DUS under 75 Pa.C.S.A. § 1543(b)(1.1)(i). **See Commonwealth v. Thornton**, 284 A.3d 907, 2022 WL 3210954 (Pa. Super. 2022) (unpublished memorandum at *3-4).

- 3 -

On September 19, 2022, the trial court resentenced Thornton to an aggregate term of sixty-nine months and ninety days to 192 months and 180 days of imprisonment, fines and costs, and multiple suspensions of Thornton's driver's license.[2] The trial court determined that Thornton was ineligible for

_____

[2] The trial court's aggregate sentence included the following:

> At docket 149 of 2020,
>
>> For DUI—controlled substance, second offense: eighteen months to five years of imprisonment and a license suspension of eighteen months.
>>
>> For DUS under 75 Pa.C.S.A. § 1543(b)(1.1)(i): a mandatory fine of $1,000 and a license suspension of twelve months.
>
> At docket 74 of 2021,
>
>> For fleeing or attempting to elude a police officer: a consecutive nine to eighteen months of imprisonment.
>>
>> For DUS under 75 Pa.C.S.A. § 1543(b)(1)(i): a consecutive forty-five to ninety days of imprisonment and a fine of $500.
>
> At docket 75 of 2021,
>
>> For flight to avoid apprehension: a consecutive nine to eighteen months of imprisonment.
>>
>> For accident with damage to attended vehicle/property: a consecutive six to twelve months of imprisonment.
>>
>> For DUI—highest rate, third offense: a consecutive twenty-seven months to seven years of imprisonment and a license suspension of eighteen months.
>>
>> For DUS under 75 Pa.C.S.A. § 1543(b)(1)(i): a consecutive forty-five days to ninety days of imprisonment and a $500 fine.

*See* Order, 9/19/22.
*(Footnote Continued Next Page)*

sentences under the Recidivism Risk Reduction Incentive ("RRRI") Act[3] because his three prior resisting arrest convictions established a history of violent behavior. Thornton did not file post-sentence motions but timely appealed the judgments of sentence. Thornton's counsel filed Pa.R.A.P. 1925(c)(4) statements in each case of his intent to file **Anders** briefs and seek withdrawal from representation on appeal. The trial court filed a Pa.R.A.P. 1925(a) opinion discussing possible issues in the resentencing proceeding. In this Court, Thornton's counsel has filed **Anders** briefs and petitions to withdraw from representation.

---

We also note that the Commonwealth graded the DUI offense at 149 of 2020 as a second offense and the DUI offense at 75 of 2021 as a third offense, but the trial court sentenced for the second and third DUI offenses on the same day. The calculation of a defendant's prior offenses under Pa.C.S.A. § 3806 affects the grading of a DUI offense, and thus the legality of the sentence. **See Commonwealth v. Catt**, 994 A.2d 1158, 1160 (Pa. Super. 2010).

Our Supreme Court, in **Vellon v. Dep't of Transp., Bureau of Driver Licensing**, 292 A.3d 882 (Pa. 2023), recently stated the phrase "[i]f the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses" in section 3806(b)(3) "applies to the calculation of prior offenses **after** the same day imposition of multiple sentences . . .." **Id**. at 892. We conclude that **Vellon** is not instructive in this appeal. In **Vellon**, the Court recognized, but did not address, the fact that Vellon's second DUI offense was graded as a second offense. **See Vellon** 292 A.3d at 884-85 and n.5. Moreover, Thornton, unlike Vellon, had at least one prior DUI conviction within ten years. **See** 75 Pa.C.S.A. § 3806(a), (b)(1).

[3] **See** 61 Pa.C.S.A. §§ 4501-4512.

We must initially consider Thornton's counsel's requests to withdraw. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Counsel who wishes to withdraw on appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. (citation omitted).

In accordance with *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the brief accompanying counsel's petition to withdraw must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has complied with these procedural requirements, we will review the record and render an independent judgment as to whether the appeal is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Thornton's counsel avers in his petitions to withdraw that he has reviewed the record and concluded that the appeal is frivolous. Counsel asserts that he mailed Thornton copies of the petitions to withdraw and the *Anders* briefs, as well as correspondence explaining Thornton's right to retain

- 6 -

private counsel or proceed *pro se* and raise any additional arguments he believes are meritorious. Counsel's **Anders** briefs include a summary of the facts and procedural history of the cases, a list of issues that could arguably support Thornton's appeal, and counsel's analysis of why he believes the issues lack arguable merit, with citations to the record and legal authority. We conclude Thornton's counsel has substantially complied with the requirements of the **Anders** procedure. Accordingly, we will conduct an independent review to determine whether this appeal is wholly frivolous. **See Yorgey**, 188 A.3d at 1197.

Thornton's counsel identifies the following issues:

1. Whether the trial court abused its discretion by sentencing [Thornton] to consecutive sentences instead of concurrent sentences?

2. Whether the trial court abused its discretion at sentencing by denying [Thornton] . . . RRRI eligibility?

**Anders** Brief at 8.[4]

First, Thornton's counsel discusses a possible discretionary aspects of sentencing claim to the imposition of consecutive sentences. It is well-settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

---

[4] Thornton has not filed a response either *pro se* or with new counsel.

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Id*. (citation omitted).

Here, our review reveals that Thornton requested the imposition of concurrent sentences before resentencing, but did not object to the trial court's decision to impose consecutive sentences. *See* N.T., 9/19/22, at 5, 14. Thornton did not file a post-sentence motion. Therefore, Thornton has waived any challenge to the discretionary aspects of his sentence. *See Moury*, 992 A.2d at 170; *see also Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (noting that the pursuit of a waived claim on appeal is frivolous).

Second, Thornton's counsel discusses a challenge to the trial court's determination that Thornton was ineligible for RRRI sentences because his three prior convictions for resisting arrest demonstrated a history of violent behavior.

A trial court's decision on a defendant's RRRI eligibility implicates the legality of the sentence. *See Commonwealth v. Finnecy*, 249 A.3d 903, 912 (Pa. 2021). "As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." *Commonwealth v. Moroz*, 284 A.3d 227, 230

(Pa. Super. 2022) (*en banc*) (citation omitted). Our standard of review is *de novo,* and the scope of our review is plenary. ***See Finnecy***, 249 A.3d at 913.

The RRRI Act defines an "eligible person" as a defendant who "[d]oes not demonstrate a history of present or past violent behavior[]" **and** "[h]as not been found guilty of or previously convicted of . . . a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111),[] known as the Crime Victims Act . . . ." 61 Pa.C.S.A. § 4503(1), (3). In ***Finnecy***, our Supreme Court held that a single prior conviction for violent behavior—in that case, a prior conviction for resisting arrest—does not establish a disqualifying history of present or past violent behavior under section 4503(1). ***See Finnecy***, 249 A.3d at 915-16.

Thornton's counsel explains that Thornton is ineligible for RRRI sentences because he has three prior convictions for resisting arrest, as well as a prior conviction for recklessly endangering another person ("REAP"). Counsel concludes that a claim that the trial court should have found Thornton eligible for a RRRI sentence is frivolous.

We agree with this assessment. A copy of Thornton's presentence investigation report ("PSI") confirms that Thornton has **three** prior convictions for resisting arrest. **See** PSI, 8/10/22, at 4 (indicating convictions for resisting arrest in 2011, 2017, and 2018). Although a single conviction for resisting arrest does not establish a history of present or past violent behavior under section 4503(1), **see Finnecy**, 249 A.3d at 915-16, Thornton's multiple prior convictions for resisting arrest distinguishes **Finnecy**, and we discern no error

in the trial court's conclusion that Thornton demonstrated a history of present or past violent behavior. Furthermore, the PSI establishes that Thornton has a prior 2009 conviction for REAP. **See** PSI, 8/10/22, at 4. REAP constitutes a personal injury crime under the Crimes Victim Act, which automatically renders a person ineligible for a RRRI sentence. **See** 61 Pa.C.S.A. § 4503(3); **see also** 18 P.S. § 11.103 (defining a personal injury crime as, *inter alia*, an act that constitutes misdemeanor or felony under Chapter 27 of the Crimes Code); 18 Pa.C.S.A. § 2705 (defining REAP as a misdemeanor under Chapter 27 of the Crimes Code). Thus, any claim that the trial court erred in finding Thornton ineligible for a RRRI sentence would be frivolous.

We next consider, *sua sponte*, the trial court's authority to order license suspensions as part of its sentences for DUI and DUS. **See Moroz**, 284 A.3d at 230. It is well settled that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Id**. (citation omitted).

Our Supreme Court has recognized that "Pennsylvania's Motor Vehicle Code sets forth a statutory scheme which requires the executive branch of government to issue and regulate motor vehicle licenses." **Commonwealth v. Mockaitis**, 834 A.2d 488, 500 (Pa. 2003). A court's role under the Motor Vehicle Code, "is limited to determining guilt," while the Pennsylvania Department of Transportation (also referred to as "the department") enforces license suspensions as collateral civil consequences of criminal convictions. **Id**. at 501.

- 10 -

Both the DUI and DUS statutes maintain the division between trial court's responsibilities to determine guilt and the administrative aspects of license suspensions. Section 3804 of the Motor Vehicle Code outlines the penalties for DUI and states that "[**t]he department shall suspend** the operating privilege . . . upon receiving a certified record of the individual's [DUI] conviction . . . .." 75 Pa.C.S.A. § 3804(e) (emphasis added). Section 1543(c) similarly provides that "[u]pon receiving a certified record of the conviction . . . under this section [for DUS], **the department shall suspend** or revoke that person's operating privilege . . . .." **See** 75 Pa.C.S.A. § 1543(c) (emphasis added).

Following our review, we conclude that DUI and DUS statutes grant the Department of Transportation, not the courts, the authority to suspend driver's licenses. The trial court, therefore, lacked the authority to impose license suspensions as part of Thornton's DUI and DUS sentences and those aspects of the sentences are illegal.[5] **See Moroz**, 284 A.3d at 230. Our decision, however, does not upset the trial court's overall sentencing scheme

---

[5] We note that our decision concerning the illegality of license suspensions as parts of sentences is in accord with two unpublished decisions from this Court, **see Commonwealth v. Zeruth**, --- A.3d ---, 2023 WL 3092768, at *3 (Pa. Super. 2023) (unpublished memorandum at *2-3); **Commonwealth v. Kandel**, --- A.3d ---, 2023 WL 2767688 (Pa. Super. 2023) (unpublished memorandum at *3-4), both of which may be cited for persuasive value. **See** Pa.R.A.P. 126(b) (providing that unpublished memoranda filed by this Court after May 1, 2019, may be cited for their persuasive value).

Nothing in our decision affects the department's authority to suspend Thornton's license.

and a remand for resentencing is unnecessary. **See Commonwealth v. Klein**, 795 A.2d 424, 430 (Pa. Super. 2002).

In sum, having conducted an independent review of the record, we vacate the trial court's license suspensions, but we affirm the judgments of sentence in all other respects. In light of our decision to vacate the illegal license suspensions, we will deny leave to withdraw. **Cf. Commonwealth v. Galvin**, 236 A.3d 1135, 2020 WL 2070383 (Pa. Super. 2020) (unpublished memorandum at *4 and n.6) (concluding that remand for the filing of an advocate's brief was unnecessary in light of this Court's decision to correct an illegal sentence *sua sponte* and no other arguably meritorious issues existed, and to deny counsel's petition to withdraw).[6]

Judgments of sentence affirmed in part and vacated in part. Petitions to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2023

---

[6] **See** Pa.R.A.P. 126(b).