J-S28019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JONATHAN NUNEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JASON BOHENSKI, | : | No. 1647 MDA 2024 |
| SUPERINTENDENT SCI-DALLAS | : | |

Appeal from the Order Entered October 22, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2024-09938

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:          **FILED: NOVEMBER 14, 2025**

Appellant, Jonathan Nunez, appeals *pro se* from the October 22, 2024 order entered in the Court of Common Pleas of Luzerne County that denied Appellant's *pro se* petition for *writ* of *habeas corpus ad subjiciendum*.  We affirm.

By way of background, on August 19, 2013, a jury convicted Appellant of murder of the first degree in the Court of Common Pleas of Lehigh County.[1] On August 30, 2013, the Court of Common Pleas of Lehigh County sentenced Appellant to life imprisonment without the possibility of patrol.  This Court affirmed Appellant's judgment of sentence on March 15, 2016, and on August 17, 2016, our Supreme Court denied Appellant's petition for allowance of appeal.  ***Commonwealth v. Nunez***, 144 A.3d 198, 2016 WL 1033345, at *1

---

[1] 18 Pa.C.S.A. § 2502(a).

(Pa. Super. filed Mar. 15, 2016) (unpublished memorandum), *appeal denied*, 145 A.3d 725 (Pa. 2016). Appellant did not seek further review.

On May 16, 2017, Appellant filed *pro se* a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, his first, in the Court of Common Pleas of Lehigh County. The PCRA court denied Appellant's petition on October 19, 2018. On September 6, 2019, this Court affirmed the order dismissing Appellant's petition. ***Commonwealth v. Nunez***, 221 A.3d 1230, 2019 WL 4233948, at *2 (Pa. Super. filed Sept. 6, 2019) (unpublished memorandum). Appellant did not seek further review.

On September 18, 2024, Appellant filed *pro se* a petition for *writ* of *habeas corpus ad subjiciendum* in the Court of Common Pleas of Luzerne County.[2] That same day, Appellant also filed *pro se* a petition for leave to proceed *in forma pauperis*. On October 1, 2024, the trial court denied Appellant's petition to proceed *in forma pauperis* but took no action on Appellant's petition for *writ* of *habeas corpus ad subjiciendum*. On October 22, 2024, the trial court filed a "closing order," which ordered "that this matter has concluded. The matter is completed and shall be removed from [the trial court's] assignment." Closing Order, 10/22/24. On October 29, 2024, Appellant filed *pro se* a notice of appeal, challenging the October 22, 2024

---

[2] When Appellant filed his petition for *writ* of *habeas corpus ad subjiciendum*, he was incarcerated at the state correctional institution in Dallas, Pennsylvania, which is located in Luzerne County.

order.[3]  On November 6, 2024, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days.[4]  Trial Court Order, 11/6/24.  Thus, Appellant had until November 27, 2024, to file his Rule 1925(b) concise statement.  On December 4, 2024, Appellant filed his Rule 1925(b) concise statement.[5]  The trial court filed its Rule 1925(a) opinion on December 11, 2024.

Appellant raises *pro se* the following issues for our review:

_____

[3] Appellant's notice of appeal was timestamped as having been received by the trial court on November 6, 2024.  The envelope Appellant used to mail his notice of appeal bears a postal cancellation stamp dated October 29, 2024.  Pursuant to the "prisoner mailbox rule," the trial court deemed Appellant's notice of appeal as having been filed on October 29, 2024.  Trial Court Order, 11/6/24.  We agree.  **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the "prisoner mailbox rule," a document is deemed filed on the date an inmate deposits the mailing with prison authorities or places it in the prison mailbox).

[4] In a separate order, also filed on November 6, 2024, the trial court granted Appellant's petition to proceed *in forma pauperis* on appeal.  Trial Court Order, 11/6/24.

[5] Although Appellant's Rule 1925(b) concise statement was dated November 25, 2024, and timestamped as having been received by the trial court on December 11, 2024, the envelope Appellant used to mail his Rule 1925(b) concise statement bears a postal cancellation stamp dated December 4, 2024.  Appellant provided no additional proof that he deposited his Rule 1925(b) concise statement with prison authorities prior to the expiration of time in which to file a timely Rule 1925(b) concise statement.  As such, pursuant to the "prisoner mailbox rule," the trial court deemed Appellant's Rule 1925(b) concise statement as having been filed on December 4, 2024.  Trial Court Opinion, 12/11/24, at 2 (unpaginated).  We agree.  **See Jones**, 700 A.2d at 426.

> 1.  Did the [C]ourt of Common Pleas of Luz[erne] County have jurisdiction to entertain [Appellant's petition for] *writ* of *habeas corpus ad subjiciendum* pursuant to [Pennsylvania Rule of Criminal Procedure] 108(b)?
>
> 2.  Did the [trial] court lack jurisdiction of the subject matter?
>
> 3.  Did the [trial] court lack standing?
>
> 4.  Is [Appellant] being subjected to cruel and unusual punishment in [violation of] the [Eighth] Amendment [of the United States Constitution?[6]]

Appellant's Brief at 4 (extraneous capitalization modified).

Preliminarily, we are required to examine whether, or not, the Court of Common Pleas of Luzerne County had original jurisdiction to adjudicate Appellant's petition for *writ* of *habeas corpus ad subjiciendum*.

It is well-established that

> "The PCRA is intended to be the sole means of achieving post-conviction collateral relief." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013). If an issue is cognizable under the PCRA, the issue must be raised in a timely PCRA petition and cannot be raised in a petition for *writ* of *habeas corpus*. ***Id.*** at 465-466 (stating that, "unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the *writ* of *habeas corpus*" (citation omitted)). [R]egardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007); ***see also Commonwealth v. Torres***, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citation omitted)); ***Commonwealth v.***

---

[6] The Eighth Amendment of the United States Constitution states "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

- 4 -

> *Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) (affirming the *Wrecks*' holding that regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA).

*Commonwealth v. Fantauzzi*, 275 A.3d 986, 994-995 (Pa. Super. 2022) (original brackets omitted), *appeal denied*, 289 A.3d 41 (Pa. 2022).

A claim is cognizable under the PCRA if a petitioner pleads and proves by a preponderance of the evidence that, *inter alia*, the sentence the petitioner is currently serving is illegal. 42 Pa.C.S.A. § 9543(a); *see also Commonwealth v. Moore*, 247 A.3d 990, 993 (Pa. 2021) (stating, "[a] claim a petitioner is serving an illegal sentence is cognizable under the PCRA"). An illegal sentence claim includes, *inter alia*, a claim that the sentence was imposed by a tribunal without jurisdiction, or that the sentence violates the Eighth Amendment's Cruel and Unusual Punishment Clause. *Moore*, 247 A.3d at 993, 995; *see also* 42 Pa.C.S.A. § 9543(a)(2)(viii); *Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (*en banc*) (stating, "[a] claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence").

In his petition for *writ* of *habeas corpus ad subjiciendum*, Appellant asserted that his sentence was "void and unenforceable" because the trial court lacked jurisdiction to adjudicate the matter and impose a sentence, and the sentence violated his "right to be free from cruel and unusual punishment." Petition for *Writ* of *Habeas Corpus ad Subjiciendum*, 9/18/24, at ¶¶1-2, 6-7, 12. Because Appellant's petition raises a claim cognizable under the PCRA,

namely that his sentence was illegal, the Court of Common Pleas of Luzerne County was required to treat Appellant's petition for *writ* of *habeas corpus ad subjiciendum* as a PCRA petition. **Fantauzzi**, 275 A.3d at 994-995; **see also Moore**, 247 A.3d at 993, 995.

"In reviewing the propriety of the PCRA court's denial of a petition for relief, we are limited to determining whether the record supports the court's findings, and whether the order is otherwise free of legal error." **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001) (citations omitted). Section 9545 of the PCRA states that "[o]riginal jurisdiction over a proceeding under this subchapter shall be in the court of common pleas." 42 Pa.C.S.A. 9545(a). Pennsylvania Rules of Criminal Procedure 901(B) states that "[a] proceeding for post-conviction collateral relief shall be initiated by filing a petition and 3 copies with the clerk of the court **in which the defendant was convicted and sentenced**." Pa.R.Crim.P. 901(B) (emphasis added).

Here, Appellant filed his petition in the Court of Common Pleas of Luzerne County because the state correctional institution where he was then-housed was located in that county. Appellant was convicted and sentenced, however, by the Court of Common Pleas of Lehigh County. Therefore, Appellant was required to file his petition seeking collateral relief

in the Court of Common Pleas of Lehigh County.[7]  The Court of Common Pleas of Luzerne County was without jurisdiction to address Appellant's request for collateral relief because it was not the court in which Appellant was convicted and sentenced.[8]  Consequently, we discern no error of law in the trial court's order dismissing Appellant's petition.[9]

_____

[7] To the extent Appellant relies on Pennsylvania Rule of Criminal Procedure 108(B) for the purpose of invoking jurisdiction in the Court of Common Pleas of Luzerne County to adjudicate his request for collateral relief, we find his reliance on Rule 108(B) to be misplaced.  **See** Appellant's Brief at 3-4.  Rule 108(B) states that "[a] petition for *writ* of *habeas corpus* **challenging the conditions of the petitioner's confinement** in a criminal matter shall be filed with the clerk of courts of the judicial district in which the petitioner is confined."  Pa.R.Crim.P. 108(B) (emphasis added).  As discussed *supra*, Appellant's petition asserts an illegal sentencing claim cognizable under the PCRA and, as such, is not a petition for *writ* of *habeas corpus*.  Moreover, even if Appellant's petition were to be viewed as a petition for *writ* of *habeas corpus*, which it is not, Rule 108(A) requires such a petition for *writ* of *habeas corpus* that challenges the legality of a petitioner's detention or confinement to "be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered."  Pa.R.Crim.P. 108(A).

[8] Even if the Court of Common Pleas of Luzerne County had jurisdiction in this matter, Appellant waived all issues for purpose of appeal due to the untimely filing of his Rule 1925(b) concise statement.  **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005); **see also Commonwealth v. Boniella**, 158 A.3d 162, 164 (Pa. Super. 2017) (stating that, a *pro se* defendant's failure to file a timely Rule 1925(b) concise statement will result in waiver of all issues on appeal).

[9] Moreover, if Appellant pursued his current claims for collateral relief in the proper venue, his filing would be subject to dismissal as untimely.  A PCRA petition must be filed within one year of the date the judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  Here, Appellant's judgment of sentence became final on November 15, 2016, upon expiration of time for seeking discretionary review with the Supreme Court of the United States.  42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion

Order affirmed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/14/2025


_____

of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); **see also** U.S. Sup. Ct. R. 13(1) (stating, "A petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). As such, Appellant had until November 15, 2017, to file a timely PCRA petition. Appellant filed the instant petition (albeit captioned a petition for *writ* of *habeas corpus ad subjiciendum*) on September 18, 2024, more than six years after the expiration of time in which to file a timely petition. Therefore, Appellant's petition was patently untimely, and he failed to plead and prove one of the exceptions to the jurisdictional time-bar enumerated in 42 Pa.C.S.A. § 9545(b)(1).